IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

KRISTY ANN RAYFORD                                                          PLAINTIFF

V.                                                       CIVIL ACTION NO.2:12CV163-DAS

CAROLYN COLVIN, ACTING COMMISSIONER,
SOCIAL SECURITY ADMINISTRATION                                              DEFENDANT

MEMORANDUM OPINION

This case involves an application pursuant to 42 U.S.C. § 405(g) for judicial review of the decision of the Commissioner of Social Security ("Commissioner") denying the application of the claimant Kristy Ann Rayford for disability benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. After oral arguments on September 18, 2013, the court ordered supplemental briefing which has been completed.

The court, having reviewed the administrative record, the briefs of the parties, the applicable law, and having heard oral argument, finds the Commissioner's decision denying benefits should be affirmed. The decision is supported by substantial evidence and no prejudicial error has been found.

1. PROCEDURAL AND FACTUAL HISTORY

The claimant filed an application for Social Security disability benefits on May 26, 2009, alleging an April 25, 2009, onset of disability. The application was denied initially and on reconsideration. After requesting and receiving a hearing, the Administrative Law Judge ("ALJ"), found the claimant was not disabled at Step Four, within the Social Security Administration's sequential analysis. Rayford was thirty-three years old at the time of the hearing and has a twelfth grade education. Her insured status expired at the end of 2011. The

ALJ determined that Rayford's obesity, congenital deafness, and stress urinary incontinence were severe impairments.  After determining that the claimant did not meet any listed impairment, the ALJ determined Rayford's residual functional capacity, finding she could perform a limited range of medium work.  She cannot work around hazards, or in an environment that would expose her to excessive noise. She cannot climb frequently and would be expected to miss one day of work per month.  The ALJ also eliminated work at a production rate pace because Rayford would need to be able to go to the restroom.  The ALJ determined that Rayford could still perform some of her past relevant work, including work as a server, cashier, and retail assistant manager.

The claimant asserts that the ALJ's decision is not supported by substantial evidence and is not based upon proper legal standards, asserting:

1.  The Alj improperly discounted the testimony of the claimant's husband because he is not a disinterested party;

2.  The ALJ failed to address or give weight to the findings of the state disability determination services, which, though finding the plaintiff was not disabled, concluded she was unable to return to her past relevant work; and

3.  The decision does not comply with the requirements of Social Security Ruling 82-62 in making the Step Four determination that the plaintiff could return to her past relevant work.

## 2. LAW AND STANDARD OF REVIEW

In determining disability, the Commissioner, through the ALJ, works through a five-step sequential process.[1] The burden rests upon the claimant throughout the first four steps of this five-step process to prove disability. If the claimant is successful in sustaining the burden at each of the first four levels, the burden then shifts to the Commissioner at step five.[2] First, the claimant must prove she is not currently engaged in substantial gainful activity.[3] Second, the claimant must prove her impairment is "severe" in that it "significantly limits her physical or mental ability to do basic work activities...."[4] At step three the ALJ must conclude the claimant is disabled if she proves that her impairments meet or are medically equivalent to one of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1, § § 1.00-114.02 (2011).[5] Fourth, the claimant bears the burden of proving she is incapable of meeting the physical and/or mental demands of his past relevant work.[6] If the claimant is successful at all four of the preceding steps, the burden shifts to the Commissioner to prove, considering the claimant's residual functional capacity, age, education and past work experience, that she is capable of performing

---

[1] *See*, 20 C.F.R. § 404.1520 (2012).

[2] *Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991).

[3] 20 C.F.R. § 404.1520(b) (2012).

[4] 20 C.F.R. § 404.1520(c) (2012).

[5] 20 C.F.R. § 404.1520(d) (2012). If a claimant's impairment meets certain criteria, then claimant's impairments are of such severity that they would prevent any person from performing substantial gainful activity. 20 C.F.R. § 404.1525 (2012).

[6] 20 C.F.R. § 404.1520(f) (2012).

other work.[7]  If the Commissioner proves other work exists which the claimant can perform, the claimant is given the chance to prove that she cannot, in fact, perform that work.[8]

This court's review of the Commissioner's decision is limited to an inquiry into whether there is substantial evidence to support the findings of the Commissioner, *Richardson v. Perales*, 402 U.S. 389, 401 (1971), and whether the correct legal standards were applied.  42 U.S.C. § 405 (g.);  *Falco v. Shalala*, 27 F.3d 160, 162 (5th Cir. 1994); *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990).  Substantial evidence has been defined as "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Perales*, 402 U.S. at 401 (quoting *Consolidated Edison v. NLRB*, 305 U.S. 197, 229 (1938)). The Fifth Circuit has further held that substantial evidence "must do more than create a suspicion of the existence of the fact to be established, but 'no substantial evidence' will be found only where there is a 'conspicuous absence of credible choices' or 'no contrary medical evidence.'" *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988) (quoting *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)).  Conflicts in the evidence are for the Commissioner to decide, and if substantial evidence is found to support the decision, the decision must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990).  The court may not reweigh the evidence, try the case de novo, or substitute its own judgment for that of the Commissioner, *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988), even if it finds that the evidence preponderates against the Commissioner's decision. *Bowling v. Shalala*, 36 F.3d 431,

---

[7]  20 C.F.R. § 404.1520(g)(1) (2012).

[8]  *Muse*, 925 F.2d at 789.

434 (5th Cir. 1994); *Harrell*, 862 F.2d at 475. If the Commissioner's decision is supported by the evidence, then it is a conclusive and must be upheld. *Richardson*, 402 U.S. at 390.

### 3. EVALUATION OF THE HUSBAND'S TESTIMONY

Rayford and her husband both testified at the hearing and to similar effect about the impact of her impairments. He testified that he had to repeat things to her two and three times because of her hearing loss. Though the plaintiff reads lips, her husband testified she has trouble hearing if someone is behind her. He testified that she has severe pain with bladder spasms and experienced frequent, painful urinary tract infections. He said she was unable to void normally and had to catheterize herself.

After rejecting Rayford's testimony as not fully credible "due to her unsupported allegations," the ALJ also discounted Mr. Rayford's testimony. His testimony is referenced several times in the decision. The ALJ noted there was no medical evidence to support his testimony and that the records of Rayford's treating urologist contradicted the husband's testimony. (Tr. p. 16-17). Later in the decision, the ALJ stated that the husband's testimony was given little weight, "because he is not a disinterested third party" but further found, "[a]s previously discussed, Mr. Rayford's testimony is inconsistent with the claimant's activities of daily living." (Tr. p. 19). The ALJ mentioned his testimony "was not supported by objective medical evidence" and that "[t]he disabling symptoms the claimant and her husband allege are inconsistent with the objective medical evidence." (Tr. p. 19)

The plaintiff focuses on the statement that Rayford's husband "is not a disinterested third person." As the defendant concedes, this was error. Under Social Security Ruling 83-20, his testimony may not be disregarded on this basis. However, this error is harmless. First, the ALJ

5

explained the testimony was inconsistent with Rayford's daily activities. The record shows she drives, shops, cooks, handles the family finances, plays on the computer, helps her children with homework, and uses text messaging on the telephone.

The ALJ also discounted the testimony because the medical records contradict the claimant's and her husband's testimony regarding the extent and effect of her symptoms. Rayford's urologist surgically implanted a sling to treat her incontinence. Those records reflect no complaints of the symptoms contained in the Rayfords' testimony at the hearing. To the contrary, the doctor reports no complications from the surgery and determined that both her urinary urgency and stress incontinence were resolved after Rayford's surgery. He did not assign any limitations to the plaintiff. These records also report Rayford denied trouble voiding or infection. Other medical records noted by the ALJ in the decision show treatment for one urinary tract infection between July 2002 and July 2009.

The extent of the claimant's hearing loss was established by objective testing and admittedly not severe enough to meet the pertinent listing. Her hearing was aided by the use of hearing aids. Rayford insisted on wearing only one hearing aid, though told to wear both, and testing confirmed a benefit from dual hearing aids. Rayford testified that she reads lips well and according to the ALJ, had no trouble hearing the judge.

Because the ALJ provided substantial, appropriate reasons for giving little weight to the Rayfords' testimony, and because those reasons are supported by evidence in the record, the court finds that a remand would not alter the ALJ's determination. There has been no prejudicial error in the credibility determination. *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988).

4. STATE DISABILITY DETERMINATIONS

Twice in the administrative process, benefits were denied to the plaintiff. In both instances, the state disability determination services decided, like the ALJ, that Rayford was not disabled, but unlike the ALJ, found that her impairments meant she could not return to her prior employment. While conceding that the ALJ is not bound by this earlier determination, the plaintiff argues that the ALJ was compelled to consider these administrative determinations and, if deciding an issue differently, to provide an explanation for reaching a different conclusion. SSR 06-3p, 2006 WL 2329939 (S.S.A. Aug. 9, 2006). She argues this determination is either an opinion from "other sources," or alternatively should be given substantial deference as a "disability determination"as if made by another government agency.

The court finds SSR 06-3p is inapplicable to this case. This ruling requires ALJ's to consider, and generally to discuss and assign the weight given to evidence from "other sources." Other sources are sources "other than acceptable medical sources," namely physicians and psychologists. "Other sources" include medical professionals, who are not licensed physicians, such as nurses, nurse practitioners and various types of therapists, as well as non-medical professionals, such as teachers and social workers. Also included in "other sources" are family and friends. Nothing in the SSR's definition of "other sources" applies to the state disability personnel tasked with making preliminary disability determinations. These individuals have no personal knowledge or medical expertise to offer regarding a claimant's limitations, but rather are performing a decision-making process in the pre-hearing stages for the Social Security Administration.

Nor does the court agree that these preliminary decisions amount to "disability determinations" by another "governmental or non-governmental agency" as defined in SSR 06–03p. First, there is no "disability" determination in this case. To the contrary, the determination was that the plaintiff was not disabled, though the rationale differed. As the plaintiff also admits, it is effectively not the work of "another" agency, but a preliminary determination made on behalf of the defendant. SSR 06-03p mandates consideration of the evidence supporting other agencies' disability determinations. In the present case, the ALJ considered all the evidence before the DDS examiners, plus additional evidence, significantly the testimony of the Vocational Expert(VE), before making her determination that the Rayford could return to her past work.

Because SSR 06-03p is inapplicable to the DDS determinations, the ALJ did not commit error in failing to mention and discuss these earlier administrative determinations.

5. <u>VIOLATION OF SSR 82-62</u>

Finally, the plaintiff challenges the defendant's decision denying benefits arguing the ALJ ignored the mandates of Social Security Ruling 82-62, 1982 WL 31386 (S.S.A. 1982), in the Step Four decision. This ruling recognizes that deciding if a claimant "retains the functional capacity to perform past relevant work ... has far-reaching implications and must be developed and explained fully in the disability decision." *Id.* at * 3. Because this is "important and, in some instances, ...[the] controlling issue, every effort must be made to secure evidence that resolves the issue as clearly and explicitly as circumstances permit." *Id.* These decisions must provide specifics about the past work's demands and how those match with the claimant's remaining capacity for work in making a Step Four decision. SSR 82-62 at * 4. As with all

decisions, the ALJ must articulate the rationale underlying the decisions made in evaluating a claim, to facilitate meaningful appellate review. *Hurst v. Secretary of Health & Human Services*, 753 F.2d 517, 519 (6th Cir. 1985). With Step Four determinations, an appellate court must be able to determine "how specific evidence leads to [the] conclusion," (SSR 82-62 at *4), that the plaintiff has the capacity to perform past work.

Social Security Ruling 82-61 requires three sequential steps in determining a claimant's capacity for past relevant work experience. First, there must be a "finding of fact of the individual's RFC." There must then be a "finding of fact as to the physical and mental demands of the past job/occupation." Finally there must be fact findings that "the individual's RFC would permit a return to his or her past job or occupation." *Id*. at *4.

The rule requires documentation of past work experience including "factual information about those work demands which have a bearing on the medically established limitations. Detailed information about strength, endurance, manipulative ability, mental demands and other job requirements must be obtained *as appropriate*." *Id.* at *3. (Emphasis added).

The ALJ, without contest fulfilled the first step when she set the plaintiff's RFC. The ALJ found Rayford could perform medium work, with some additional limitations. Specifically, she found Rayford could not work around hazards; be exposed to excessive noise; or climb frequently. She was to be expected to miss one day of work per month; could not perform at a production rate pace; and would need to have rest room access. This RFC is unchallenged.

The plaintiff, however, argues the ALJ did not perform the second or third steps prescribed in the ruling. She argues the ALJ failed to make and develop sufficient factual information about the demands of Rayford's past work experience and, failed to make the

9

required detailed findings to support the decision. She cites two cases in support of her argument.

In *Jason v. Chater*, 54 F. 3d 787, 1995 WL 275725 (10th Cir. May 10, 1995)(unpublished) the court expressed concern that the ALJ had not adhered to SSR 82-62. It found the record did not adequately show the physical and mental demands of the claimant's past work. The ALJ posed a hypothetical to the VE about the claimant's limitations and received a conclusory opinion that the claimant could return to her past work. There were no findings matching the claimant's abilities to the demands of the job. The court found that while the VE may appropriately supply information at Step Four, the rulings do not "suggest that an expert may assume the ALJ's ultimate responsibility for determining whether those demands are within the claimant's capacities." *Id* at *3. That court acknowledged that such limited hypothetical questions and conclusory responses are also commonplace in Step Five determinations, and found such bare bones analysis, at the last step, to be equally troubling. Though not deciding the case on this issue, the court encouraged the Secretary to "insist on adherence to the certainly preferable analytical procedure" outlined in SSR 82-62. *Id.*

In the second case, *Bailey v. Commissioner of Social Security*, 173 F.3d 428, 1999 WL 96920 (6th Cir. Feb. 2, 1999)(unpublished), the ALJ found the claimant could to return to her past work as a hotel maid, though she had suffered an on-the-job back injury and was not medically released to return to her job until nearly a year after the injury. After finding Bailey could perform light work, the ALJ perfunctorily concluded she could do her past work. The appellate court found the ALJ had not undertaken "the detailed analysis required for determining whether Bailey could perform the past relevant position of hotel housekeeper." *Id.* at *4. In

10

reversing the decision, that court found that " [A]lthough the conclusory statements and characterizations of vocational experts are helpful, they do not rise to the level of substantial evidence." *Id*.

In this case, the defendant argues that the ALJ's Step Four determination complies with the requirements of SSR 82-62. The court agrees. Different cases will require different levels of detail in making the Step Four determination. A comparison of the facts of the two cited cases and this case show why the level of detail demanded in *Jason* and *Bailey* is not necessary in this case.

In *Jason,* the ALJ found the plaintiff could perform sedentary work as a receptionist, though the RFC limited her to sitting for thirty minutes or standing for one hour without rest or a change of position. Further, the assigned RFC did not account for the undisputed fact that the claimant had some limitation in her range of motion in her neck– and the VE testified that such a limitation would affect his opinion about whether the claimant could do the work. This court agrees that when looking at the extent of Jason's limitations, the ALJ's failure to make factual inquiries into the demands of her past employment was a critical failure.

Likewise in *Bailey,* the ALJ found the claimant could return to work as a hotel housekeeper, supported his decision with a conclusory opinion by the VE, and without factual inquiry, factual support in the record, or explanation. The medical records, as described by the court, demonstrate the problem the reviewing court had in *Bailey* following the decision from "evidence" to "conclusion." One of Bailey's treating physician's opined both that she could perform light work and that she was restricted to sedentary work. But in finding that she could perform light work, the doctor restricted her standing and/or walking to no more than two hours.

11

This restriction is, of course, inconsistent with the capacity to do light work. Work at the light level requires the ability to do "a great deal of walking and standing." 20 C.F.R. § 404.1567(b). To do a full range of light work a person must be able to stand and walk six hours in an eight hour day. SSR 83-10. Bailey's other treating physician found she was restricted to sedentary work. A consultative examiner found limitations in range of motion and that pain would limit her ability to bend and recommended an orthopedic evaluation, but none was done. The evidence most supportive of the ALJ's decision was an x-ray which showed no significant abnormality, except for scoliosis. This court, too, would have problems with the absence of detailed factual inquiry or explanatory findings, in understanding how the ALJ got from this evidence to the final decision. In *Bailey,* the VE's opinion could not fill the void and provide substantial evidence. The decision did not comply with SSR 82-62, and the failure was clearly prejudicial.

But *Jason* and *Bailey* are very different from the present case. The single most compelling difference is that, with few other restrictions, Rayford is capable of performing work at a medium level of exertion, while all of her past work experience was at the light exertional level. The vocational expert testified that her past relevant work experience– as a retail manager, cashier, server and cook– are light work, with some of the jobs classified as unskilled labor and some semi-skilled labor. Medium work involves "lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. § 404.1567. By regulatory definition, Rayford, because she is capable of performing medium work "can also do ... light work." *Id.* Therefore barring some significant non-exertional limitations, she would be capable of doing the past light jobs.

The ALJ, however, found only limited non-exertional limitations. She had only mild impairments in her mental or social functioning. The only exertional limit was a restriction from frequent climbing. The other limitations, discussed *supra,* were each addressed by the ALJ with the VE, who eliminated the job of cook, based on the noise level found in commercial kitchens. The VE testified that missing one day per month would not erode Rayford's ability to perform her past work, but that if she were to miss three days per month that she would be unable to hold a job. He testified that the plaintiff would be unable to hold any employment if, as she testified, she had to take between six and nine bathroom breaks in a two hour period. But these last two alleged restrictions were not accepted by the ALJ and did not become part of the RFC. The court finds that the Step Four determination is adequately explained and that the record discloses substantial evidence to support the decision.

The court finds that the Secretary's decision is affirmed. A judgment consistent with this opinion will be entered accordingly.

This the 13th day of January, 2014.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE